# UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND
### (Northern Division)

ATLANTIC MD AG, LLC,                           *
a Florida limited liability company,
16600 N.W. 57th Street                         *
Miami Lakes, Florida 33014
                                               *

ATLANTIC MD RE, LLC,
a Florida limited liability company,           *    **Civil Action No.**
16600 N.W. 57th Street
Miami Lakes, Florida 33014                     *

CLARKSVILLE AMD H, LLC,                         *
a Florida limited liability company,
16600 N.W. 57th Street                          *
Miami Lakes, Florida 33014
                                                *

CLARKSVILLE AMD N, LLC,
a Florida limited liability company,            *
16600 N.W. 57th Street
Miami Lakes, Florida 33014                      *

CLARKSVILLE AMD T, LLC,                         *
a Florida limited liability company,
16600 N.W. 57th Street                          *
Miami Lakes, Florida 33014
                                                *

OWING MILLS AMD N, LLC,
a Florida limited liability company,            *
16600 N.W. 57th Street
Miami Lakes, Florida 33014                      *

PASADENA AMD V, LLC,                            *
a Florida limited liability company,
16600 N.W. 57th Street                          *
Miami Lakes, Florida 33014
                                                *

PIKE AMD C, LLC,
a Florida limited liability company             *
16600 N.W. 57th Street
Miami Lakes, Florida 33014                      *

PIKE AMD H, LLC,                                *
a Florida limited liability company,

16600 N.W. 57th Street                      *
Miami Lakes, Florida 33014
                                            *

WOODLAWN AMD N, LLC, and                    *
a Florida limited liability company,
16600 N.W. 57th Street                      *
Miami Lakes, Florida 33014                  *

CLARKSVILLE AMD RE, LLC,                    *
a Florida limited liability company,
16600 N.W. 57th Street                      *
Miami Lakes, Florida 33014
                                            *

PASADENA AMD RE, LLC,                       *
a Florida limited liability company,
16600 N.W. 57th Street                      *
Miami Lakes, Florida 33014                  *

PIKE AMD RE, LLC,                           *
a Florida limited liability company,
16600 N.W. 57th Street                      *
Miami Lakes, Florida 33014                  *
                                            *

RANDALLSTOWN AMD RE, LLC,                   *
a Florida limited liability company,
16600 N.W. 57th Street                      *
Miami Lakes, Florida 33014                  *

WOODLAWN AMD RE, LLC,                       *
a Florida limited liability company,
16600 N.W. 57th Street                      *
Miami Lakes, Florida 33014
                                            *

                Plaintiffs,                 *

        v.                                  *

ANTWERPEN-HK, INC., a Maryland              *
Corporation
6440 Baltimore National Pike                *
Catonsville, MD  21228
                                            *

SERVE ON:
STANFORD D. HESS, ESQ.                      *
6440 BALTIMORE NATIONAL PIKE

                                            2

CATONSVILLE MD 21228                      *

ANTWERPEN AUTO WORLD LLC, a                *
Maryland limited liability company,
6440 Baltimore National Pike              *
Catonsville, MD  21228
                                          *

SERVE ON:
STANFORD D. HESS, ESQ.                    *
6440 BALTIMORE NATIONAL PIKE
CATONSVILLE MD 21228                      *

ANTWERPEN HYUNDAI, INC., a                 *
Maryland corporation,
6440 Baltimore National Pike              *
Catonsville, MD  21228
                                          *

SERVE ON:
STANFORD D. HESS, ESQ.                    *
6440 BALTIMORE NATIONAL PIKE
CATONSVILLE MD 21228                      *

ANT CAR WASH LLC, a Maryland               *
limited liability company,
6440 Baltimore National Pike              *
Catonsville, MD  21228
                                          *

SERVE ON:
ROBERT M. ERCOLE, ESQ.                    *
ONE SOUTH STREET, 27TH FLOOR
BALTIMORE, MD 21202                       *

ANTWERPEN NISSAN, INC., a Maryland         *
corporation,
6440 Baltimore National Pike              *
Catonsville, MD  21228
                                          *

SERVE ON:
STANFORD D. HESS, ESQ.                    *
6440 BALTIMORE NATIONAL PIKE
CATONSVILLE MD 21228                      *

ANTWERPEN VOLKSWAGEN, INC.,                *
a Maryland corporation,
6440 Baltimore National Pike              *
Catonsville, MD  21228

3

                                                *

SERVE ON:
STANFORD D. HESS, ESQ.                          *
6440 BALTIMORE NATIONAL PIKE
CATONSVILLE MD 21228                            *


ANTWERPEN  MOTORCARS LTD., a               *
Maryland corporation,
6440 Baltimore National Pike                    *
Catonsville, MD  21228
                                                *

SERVE ON:
STANFORD D. HESS, ESQ.                          *
6440 BALTIMORE NATIONAL PIKE
CATONSVILLE MD 21228                            *


J.A. MOTORCARS, INC., a Maryland           *
corporation,
6440 Baltimore National Pike                    *
Catonsville, MD  21228
                                                *

SERVE ON:
STANFORD D. HESS, ESQ.                          *
6440 BALTIMORE NATIONAL PIKE
CATONSVILLE MD 21228                            *


A&I REALTY LLLP, a Maryland limited        *
liability limited partnership,
6440 Baltimore National Pike                    *
Catonsville, MD  21228
                                                *

SERVE ON:
STANFORD D. HESS, ESQ.                          *
6440 BALTIMORE NATIONAL PIKE
CATONSVILLE MD 21228                            *


9400 LIBERTY LIMITED                       *
PARTNERSHIP, a Maryland limited
partnership,                                    *
6440 Baltimore National Pike
Catonsville, MD  21228                          *


SERVE ON:                                       *
STANFORD D. HESS, ESQ.
6440 BALTIMORE NATIONAL PIKE                    *
CATONSVILLE MD 21228

                                          4

8057 RITCHIE HIGHWAY, LLC, a
Maryland limited liability company,
6440 Baltimore National Pike
Catonsville, MD  21228

SERVE ON:
STANFORD D. HESS, ESQ.
6440 BALTIMORE NATIONAL PIKE
CATONSVILLE MD 21228

ANTOY LLC, a Maryland limited liability
company,
6440 Baltimore National Pike
Catonsville, MD  21228

SERVE ON:
STANFORD D. HESS, ESQ.
6440 BALTIMORE NATIONAL PIKE
CATONSVILLE MD 21228

TRICAZ III PROPERTIES, LLC, a
Maryland limited liability company,
6440 Baltimore National Pike
Catonsville, MD  21228

SERVE ON:
STANFORD D. HESS, ESQ.
6440 BALTIMORE NATIONAL PIKE
CATONSVILLE MD 21228

JACOB M. ANTWERPEN, an individual,
302 First Street
Annapolis, MD  21403

DAVID G. ANTWERPEN, an individual,
14 Yellow Barn Court
Baltimore, Maryland  21208

and

MICHAEL L. ANTWERPEN,  an
individual,
13618 Blenheim Rd N,
Phoenix, MD  21131

\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*

5

                                                \*

Defendants.

\*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*

## COMPLAINT FOR SPECIFIC PERFORMANCE AND INJUNCTIVE RELIEF

Plaintiffs, ATLANTIC MD AG, LLC, ATLANTIC MD RE, LLC, CLARKSVILLE AMD H, LLC, CLARKSVILLE AMD N, LLC, CLARKSVILLE AMD T, LLC, OWING MILLS AMD N, LLC, PASADENA AMD V, LLC, PIKE AMD C, LLC, PIKE AMD H, LLC, WOODLAWN AMD N, LLC, CLARKSVILLE AMD RE, LLC, PASADENA AMD RE, LLC, PIKE AMD RE, LLC, RANDALLSTOWN AMD RE, LLC, and WOODLAWN AMD RE, LLC (collectively, "**Plaintiffs**"), through their undersigned counsel, sue Defendants, ANTWERPEN-HK, INC., ANTWERPEN AUTO WORLD LLC, ANTWERPEN HYUNDAI, INC., ANT CAR WASH LLC, ANTWERPEN NISSAN, INC., ANTWERPEN VOLKSWAGEN, INC., ANTWERPEN MOTORCARS LTD., J.A. MOTORCARS, INC., A&I REALTY LLLP, 9400 LIBERTY LIMITED PARTNERSHIP, 8057 RITCHIE HIGHWAY, LLC, ANTOY LLC, TRICAZ III PROPERTIES, LLC, JACOB M. ANTWERPEN, DAVID G. ANTWERPEN, and MICHAEL L. ANTWERPEN (collectively, "**Defendants**"), and allege as follows:

## NATURE OF THE CASE AND SUBJECT MATTER JURISDICTION

1.      This is an action for: (a) specific performance of a contract to convey ten car dealerships and related facilities operating in the Greater Baltimore area of Maryland, including an award of damages ancillary to specific performance suffered by Plaintiffs as a result of the delayed closing, estimated to be over $1 million per month until closing occurs; (b) specific performance of a contract to convey title to real properties located in Anne Arundel County, Baltimore County, and Howard County, Maryland, on which some of the dealerships are located,

including an award of damages ancillary to specific performance suffered by Plaintiffs as a result of the delayed closing; and (c) for injunctive relief, including the appointment of a receiver.

2.      This action is one in which the United States District Court has original jurisdiction by reason of diversity of citizenship and the requisite amount in controversy, pursuant to 28 U.S.C. §1332(a)(1), in that the suit is between citizens of different states. The amount in controversy in this case, exclusive of interest, costs, and attorney's fees substantially exceeds $75,000.00.

## THE PARTIES, PERSONAL JURISDICTION, AND VENUE

3.      Plaintiff Atlantic MD AG, LLC is a Florida limited liability company, whose members are citizens of Florida.  Plaintiff Atlantic MD AG, LLC is a citizen of Florida.

4.      Plaintiff Atlantic MD RE, LLC is a Florida limited liability company, whose members are citizens of Florida.  Plaintiff Atlantic MD RE, LLC is a citizen of Florida.

5.      Plaintiff Clarksville AMD H, LLC is a Florida limited liability company, whose members are citizens of Florida.  Plaintiff Clarksville AMD H, LLC is a citizen of Florida.

6.      Plaintiff Clarksville AMD N, LLC is a Florida limited liability company, whose members are citizens of Florida.  Plaintiff Clarksville AMD N, LLC is a citizen of Florida.

7.      Plaintiff Clarksville AMD T, LLC is a Florida limited liability company, whose members are citizens of Florida.  Plaintiff Clarksville AMD T, LLC is a citizen of Florida.

8.      Plaintiff Owing Mills AMD N, LLC is a Florida limited liability company, whose members are citizens of Florida.  Plaintiff Owing Mills AMD N, LLC is a citizen of Florida.

9.      Plaintiff Pasadena AMD V, LLC is a Florida limited liability company, whose members are citizens of Florida.  Plaintiff Pasadena AMD V, LLC is a citizen of Florida.

10.     Plaintiff Pike AMD C, LLC is a Florida limited liability company, whose

#3290756v.1

members are citizens of Florida.  Plaintiff Pike AMD C, LLC is a citizen of Florida.

11.    Plaintiff Pike AMD H, LLC is a Florida limited liability company, whose members are citizens of Florida.  Plaintiff Pike AMD H, LLC is a citizen of Florida.

12.    Plaintiff Woodlawn AMD N, LLC is a Florida limited liability company, whose members are citizens of Florida.  Plaintiff Woodlawn AMD N, LLC is a citizen of Florida.

13.    Plaintiff Clarksville AMD RE, LLC is a Florida limited liability company, whose members are citizens of Florida.  Plaintiff Clarksville AMD RE, LLC is a citizen of Florida.

14.    Plaintiff Pasadena AMD RE, LLC is a Florida limited liability company, whose members are citizens of Florida.  Plaintiff Pasadena AMD RE, LLC is a citizen of Florida.

15.    Plaintiff Pike AMD RE, LLC is a Florida limited liability company, whose members are citizens of Florida.  Plaintiff Pike AMD RE, LLC is a citizen of Florida.

16.    Plaintiff Randallstown AMD RE, LLC is a Florida limited liability company, whose members are citizens of Florida.  Plaintiff Randallstown AMD RE, LLC is a citizen of Florida.

17.    Plaintiff Woodlawn AMD RE, LLC is a Florida limited liability company, whose members are citizens of Florida.  Plaintiff Woodlawn AMD RE, LLC is a citizen of Florida.

18.    Defendant Antwerpen-HK, Inc., is a Maryland corporation, which maintains its principal place of business in Maryland, and is a citizen of Maryland.

19.    Defendant Antwerpen Auto World LLC is a Maryland limited liability company, and each of its members are citizens of Maryland.  Defendant Antwerpen Auto World LLC is a citizen of Maryland.

20.    Defendant Antwerpen Hyundai, Inc. is a Maryland corporation, which maintains its principal place of business in Maryland, and is a citizen of Maryland.

#3290756v.1

21.     Defendant Ant Car Wash LLC is a Maryland limited liability company, and each of its members are citizens of Maryland.  Defendant Ant Car Wash LLC is a citizen of Maryland.

22.     Defendant Antwerpen Nissan, Inc. is a Maryland corporation, which maintains its principal place of business in Maryland, and is a citizen of Maryland.

23.     Defendant Antwerpen Volkswagen, Inc. is a Maryland corporation, which maintains its principal place of business in Maryland, and is a citizen of Maryland.

24.     Defendant Antwerpen Motorcars Ltd. is a Maryland corporation, which maintains its principal place of business in Maryland, and is a citizen of Maryland.

25.     Defendant J.A. Motorcars, Inc. is a Maryland corporation, which maintains its principal place of business in Maryland, and is a citizen of Maryland.

26.     Defendant A&I Realty LLLP, is a Maryland limited liability limited partnership, and each of its partners are citizens of Maryland.  Defendant A&I Realty LLLP is a citizen of Maryland.

27.     Defendant 9400 Liberty Limited Partnership is a Maryland limited partnership, and each of its partners are citizens of Maryland.  Defendant 9400 Liberty Limited Partnership is a citizen of Maryland.

28.      Defendant 8057 Ritchie Highway, LLC is a Maryland limited liability company, and each of its members are citizens of Maryland.  Defendant 8057 Ritchie Highway, LLC is a citizen of Maryland.

29.     Defendant Antoy LLC is a Maryland limited liability company, and each of its members are citizens of Maryland.  Defendant Antoy LLC is a citizen of Maryland.

30.     Defendant Tricaz III Properties, LLC is a Maryland limited liability company, and each of its members are citizens of Maryland.  Defendant Tricaz III Properties, LLC is a citizen

of Maryland.

31.     Defendant Jacob ("Jack") M. Antwerpen resides in and is a citizen of Maryland.

32.     Defendant David G. Antwerpen resides in and is a citizen of Maryland.

33.     Defendant Michael L. Antwerpen resides in and is a citizen of Maryland.

34.     Venue and personal jurisdiction is proper in the District of Maryland under 28 U.S.C.A. § 1391(b)(1) and (2) because each of the Defendants reside in this judicial district, a substantial part of the events or omissions giving rise to the claims occurred in this judicial district, and a substantial part of the property that is the subject this action is situated in this judicial district, and the agreements between the parties provide the litigation between them shall take place in Maryland.

## GENERAL ALLEGATIONS COMMON TO ALL COUNTS

35.     Defendants Antwerpen-HK, Inc., Antwerpen Auto World LLC, Antwerpen Hyundai, Inc., Ant Car Wash LLC, Antwerpen Nissan, Inc., Antwerpen Volkswagen, Inc., Antwerpen Motorcars Ltd. and J.A. Motorcars, Inc. (collectively, the "**Operator Defendants**") own and operate manufacturer authorized automobile dealerships and related facilities in Anne Arundel County, Baltimore County, and Howard County, Maryland.  The Operator Defendants sell new and used cars and operate ancillary businesses such as service shops and car washes.

36.     Defendants A&I Realty LLLP, 9400 Liberty Limited Partnership, 8057 Ritchie Highway, LLC, Antoy LLC, and Tricaz III Properties, LLC (collectively, the "**Property Defendants**") own the real properties at which several of the Operator Defendants and related facilities are situated.

10

37.     Defendants Jack Antwerpen, David G. Antwerpen, and Michael L. Antwerpen (collectively, the "**Principal Defendants**") are the principals of the Operator Defendants and Property Defendants.

38.     The Principal Defendants are sophisticated businessmen who have been in the automotive dealership industry and have operated the Operator Defendants for several decades, grossing revenues in excess of $330 million per year.  In fact, Defendant Jack Antwerpen is a well-known public figure in the Maryland automotive industry and is featured in numerous television commercials with his "Jack Says Yes!" catchphrase.

***The APA and the PSA***

39.     On or about June 2017, Defendants retained the services of Performance Brokerage Services, Inc., a business broker based in California, to solicit offers to purchase the Operator Defendants and Property Defendants.

40.     After Plaintiffs' execution of a non-disclosure agreement on November 29, 2017, Defendants presented Plaintiff Atlantic MD AG, LLC ("**Plaintiff AG**") and Plaintiff Atlantic MD RE, LLC ("**Plaintiff RE**") ("Plaintiff AG" and "Plaintiff RE" shall collectively be referred to as "**Plaintiffs AG/RE**") with extensive financial and marketing materials of Defendants' automotive dealerships and related real properties.

41.     Defendants' proposal presented Plaintiffs AG/RE with a unique business opportunity to enter the rapidly expanding Greater Baltimore automotive market with a well regarded and recognized brand.  Indeed, Defendants tout themselves as the highest volume dealerships in all of Maryland and the Greater Baltimore and Washington D.C. market.

42.     In addition to the high volume of sales, Defendants' dealerships operate under a single brand, offer a diverse inventory from five different automotive manufacturers, and are dominant dealerships in the market area.

43.     In short, unlike other opportunities to purchase single dealerships offering one manufacturer's cars, the opportunity presented to Plaintiffs AG/RE to purchase ten dealerships offering vehicles from five different manufacturers under a single brand offered a truly unique and very rare business opportunity in the automotive industry.

44.     According to Defendants' materials, the ten dealerships and related facilities grossed in excess of $330 million per year, and adjusted net profits of approximately $11 million per year.

45.     After receiving Defendants' financial and marketing materials, and negotiations between the parties, on June 1, 2018, the parties entered into a term sheet for the purchase and sale of the dealerships and associated real estate.

46.     Thereafter, the parties conducted additional negotiations and entered into two separate but related agreements for the purchase and sale of the automotive dealerships and related real properties owned and operated by Defendants.

47.     Specifically, on November 26, 2018, Plaintiff AG and the Operator Defendants entered into the Antwerpen Auto Group Purchase Agreement for the purchase and sale of ten dealerships and associated assets. The Antwerpen Auto Group Purchase Agreement was executed by the Operator Defendants and the Principal Defendants.  The Antwerpen Auto Group Purchase Agreement was subsequently amended on January 10, April 11, and April 30, 2019 to, among other things, extend the outside deadline for the closing.  The Antwerpen Auto Group Purchase Agreement and each of its subsequent amendments shall hereinafter be referred to as

12

the "**APA**". A true and correct copy of the APA, which contains a confidentiality provision, will be filed under seal herewith as "**Composite Exhibit A**".

48.     Pursuant to the terms of the APA, the Operator Defendants agreed to sell, and Plaintiff AG agreed to purchase, the automotive dealerships and related assets owned and operated by the Operator Defendants.  *See* APA, p. 3, ¶2; p. 37 (Exhibit C – List of Sellers, Factories and Locations).

49.     Simultaneous with the execution of the APA, on November 26, 2018, Plaintiff RE and the Property Defendants entered into the Real Estate Purchase and Sale Agreement, which was executed by both the Principal Defendants and the Property Defendants.  The Real Estate Purchase and Sale Agreement was subsequently amended on January 10 and April 30, 2019 to, among other things, extend the outside deadline for the closing consistent with the APA.  The Real Estate Purchase and Sale Agreement and each of its amendments shall herein be referred to as the "**PSA**".  A true and correct copy of the PSA, which contains a confidentiality provision, will be filed under seal herewith as "**Composite Exhibit B**".

50.     Pursuant to the terms of the PSA, the Property Defendants agreed to sell, and Plaintiff RE agreed to purchase, the real properties at which several of the above referenced dealerships and related facilities are situated.  *See* PSA, ¶1(a).

51.     Closing of the APA and PSA was to occur simultaneously.  The APA and PSA both provide that the closing of the purchase and sale take place no later than thirty business days after the last manufacturer that provides vehicles for sale to the dealerships approves the sale or on a date mutually agreed to by the parties, and no later than June 30, 2019.  *See* APA, p. 5, ¶5; First Am. to APA, p. 2, ¶4; PSA, ¶11; First Am. to PSA, p. 1, ¶1.

52.    The APA further provides that pending consummation of the closing, the Operator Defendants "shall continue to operate their business in substantially the same manner" as they have operated it in the past and shall not "dispose of the assets subject to [the APA] . . . except in the ordinary course of business or with [Plaintiff AG's] prior written consent." *See* APA, p. 20, ¶27 and ¶27.8.  Additionally, pending the closing, the APA requires Operator Defendants to "endeavor to restock inventory and supplies sold in a normal manner, consistent with [Operator Defendants'] past practices." *See* APA, p. 20, ¶27.9.

53.    The APA provides the specific methods for calculating the total purchase price, which is based on, among other things, the new and used vehicles in Operator Defendants' inventories.  *See* APA, 31-35, Exh. A (Purchased Assets and Purchase Price Formulas).

54.    The APA and PSA each provide that in the event Defendants refuse to close, Plaintiffs AG/RE may bring "an action to specifically enforce the obligations of [Defendants] to close under the terms and provisions" of the agreements.  *See* APA, ¶32(ii)(B); PSA, ¶10(d)(ii)(B).

55.    After an extensive due diligence period, and considerable effort and expense (in excess of $2 million), Plaintiffs AG/RE fulfilled all their conditions required by the APA and PSA, including obtaining approval from each of the manufacturers who supply vehicles to the dealerships.

56.    On or about April 29, 2019, Plaintiff AG assigned some, but not all, of its rights and obligations under the APA to Plaintiffs Clarksville AMD H, LLC, Clarksville AMD N, LLC, Clarksville AMD T, LLC, Owing Mills AMD N, LLC, Pasadena AMD V, LLC, Pike AMD C, LLC, Pike AMD H, LLC and Woodlawn AMD N, LLC.  All of the foregoing Plaintiffs, including Plaintiff AG, shall hereinafter be referred to "**Plaintiff Dealership-Purchasers**".  True

14

and correct copies of the assignments of the APA, which are subject to the confidentiality provision of the APA, will be filed under seal as "**Composite Exhibit C**".

57.     Also on or about April 29, 2019, Plaintiff RE assigned some, but not all, of its rights and obligations under the PSA to Plaintiffs Clarksville AMD RE, LLC, Pasadena AMD RE, LLC, Pike AMD RE, LLC, Randallstown AMD RE, LLC and Woodlawn AMD RE, LLC. All of the foregoing Plaintiffs, including Plaintiff RE, shall hereinafter be referred to "**Plaintiff Property Purchasers**". True and correct copies of the assignments of the PSA, which are subject to the confidentiality provision of the PSA, will be filed under seal as "**Composite Exhibit D**".

58.     Accordingly, the parties jointly agreed to a closing date of May 13, 2019 for the sales contemplated by both the APA and the PSA.

**_Defendants' wrongful refusal to close in accordance with the APA and PSA_**

59.     As the May 13 closing date approached, Plaintiffs' team traveled from Florida to Maryland to, among other things, take vehicle inventories with representatives from Manheim Auto Auction, an international auto auction company that specializes in vehicle appraising, along with Defendants David Antwerpen and Michael Antwerpen.

60.     Plaintiffs and Defendants also arranged for a third-party inventory service provider to conduct an inventory of Defendants' auto parts during this time.

61.     These inventories were conducted in accordance with the APA, which, as alleged above, detailed the specific methods for calculating the value of Defendants' vehicle and parts inventories for purposes of arriving at the total purchase price.   *See* APA, p. 31, Exh. A (Purchased Assets and Purchase Price Formulas).

15

62.     During this time, Plaintiffs' team was also introduced as the new "owners-to-be" by the Principal Defendants to Defendants' employees.  Indeed, Plaintiffs' team was presented in each of the ten dealerships as the new owners, and Plaintiffs conducted meetings with Defendants' employees to address their employment concerns, reassure the employees that after the closing of the APA and PSA business would continue as usual, and ensure a seamless transition upon the completion of the sale.

63.     Importantly, some or all of the Principal Defendants were present at these meetings and enthusiastically announced to their employees the sale of the dealerships to Plaintiffs.

64.     These meetings and dealership visits went on for several days without incident. However, as the May 13 closing drew closer, Plaintiffs learned that Defendants, in violation of the APA, were attempting to sell off some of their used car inventory in a liquidation sale in an effort to obtain a higher price per used vehicle than what they agreed to receive in the APA.  In fact, Plaintiffs later discovered that in the approximately three-month period leading up to the agreed upon closing, Defendants had allowed their used car inventory to drop by nearly half in violation of the APA.

65.     Defendant Jack Antwerpen also began to attempt to modify and renegotiate the terms of the APA and PSA, unilaterally declaring that he "didn't care" what the written agreements said.

66.     The situation came to a head on May 13, 2019 when Defendant Jack Antwerpen refused to leave his office to attend the agreed upon 9:30 a.m. closing and was a "no show".

#3290756v.1

67.     On May 14, 2019, in a good faith effort to obtain Defendants' cooperation with their contractual obligations to close, Plaintiffs tried to meet with Defendant Jack Antwerpen in his office to complete the transactions.

68.     Initially, Defendant Jack Antwerpen refused to even meet with Plaintiffs for several hours.  When he finally met with Plaintiffs, Defendant Jack Antwerpen represented after a few minutes that he was going across the street to a bar to have a drink and never came back, thereby effectively ending the meeting.

69.     The next morning, on May 15, 2019, Defendant Jack Antwerpen informed his employees that he was reneging on the APA and PSA and refusing to complete the closing.  The message was that he was "staying as owner."

70.     On May 16, 2019, Plaintiffs' counsel sent a letter to Defendants' counsel reiterating that Plaintiffs remain ready, willing and able to close on the sales contemplated by the APA and PSA and imploring Defendants to comply with their contractual obligations.  A true and correct copy of the May 16, 2019 correspondence is attached hereto as "**Exhibit E**".

71.     Defendants did not respond to the May 16, 2019 letter.

72.     Despite Plaintiffs' repeated efforts, Defendants persist in their refusal to comply with the APA and PSA.  In fact, Defendants' agent expressly informed Plaintiffs that Defendants will not close on the APA or PSA despite understanding that their breach would allow Plaintiffs to seek recourse from the Court.  Accordingly, any further notices or demands to Defendants to close on the APA and PSA would clearly be futile, and Defendants have effectively attempted to terminate the APA and PSA.

73.     To make matters worse, Defendants have also falsely represented to the automotive manufacturers and financial institutions that the parties allegedly have cancelled the

#3290756v.1

APA and PSA.  Defendants' false representations to these entities jeopardizes the approvals already obtained by Plaintiffs for the purchase and sales, and constitutes a further breach of the APA and PSA.

74.     Furthermore, on May 15, 2019, just two days after Defendants' wrongful refusal to close, Defendants improperly renewed a lease for an additional five years with the landlord of the Dodge dealership located at 5717 Baltimore National Pike, Catonsville, MD 21228.  A true and correct copy of Defendants' May 15, 2019 correspondence to the landlord is attached hereto as "**Exhibit F**".  Plaintiffs have also learned that Defendants intend to enter into a new lease on another property without authorization.  In other words, Defendants continue to improperly take action that will bind Plaintiffs once they obtain Defendants' specific performance of the APA and PSA and, consequently, continue to inflict additional damages upon Plaintiffs.

75.     Plaintiffs have obtained all necessary approvals and financing to close on the transaction. Plaintiffs are ready, will and able to close on the transactions contemplated by the APA and PSA.

76.     All conditions precedent to this action have occurred, been performed or satisfied, or have otherwise been waived or excused.

77.     Plaintiffs have retained the undersigned attorneys to represent them in this action and is obligated to pay them reasonable attorneys' fees and costs for their services.

## COUNT I - SPECIFIC PERFORMANCE OF APA

78.     Plaintiff Dealership-Purchasers hereby sue Operator Defendants and Principal Defendants, for specific performance, adopt and reallege the allegations set forth in paragraphs 35, 37 through 48, 51 through 56, and 58 through 77 above, as if fully and expressly set forth herein.

18

79.     This is an action for specific performance of a contract for the sale of car dealerships and related facilities located in Anne Arundel County, Baltimore County, and Howard County, Maryland.

80.     Plaintiff Dealership-Purchasers, Operator Defendants and Principal Defendants are parties to the APA.

81.     Plaintiff Dealership-Purchasers are ready, willing and able to close on the transaction and tender the purchase price due under the APA to the Operator Defendants upon Operator Defendants and Principal Defendants fully complying with their contractual obligations and conveying good and clear title to the car dealerships and related facilities as required by the APA.

82.     Operator Defendants and Principal Defendants refuse to comply with the APA and close on the transaction.

83.     Plaintiff Dealership-Purchasers have a clear legal right to specific performance pursuant to the APA as alleged above.

84.     Plaintiff Dealership-Purchasers do not have an adequate remedy at law, and have a substantial likelihood of success on the merits.

85.     In addition to specific performance, Plaintiff Dealership-Purchasers are also entitled to ancillary relief in the form of compensation for the damages they have suffered and continue to suffer as a result of the delay caused by Operator Defendants' and Principal Defendants' refusal to close on the APA in order to put Plaintiff Dealership-Purchasers in the position they would have been in had the closing occurred on May 13, 2019 as agreed.  This additional ancillary relief includes but is not limited to the approximately $1 million per month

#3290756v.1

that Plaintiff Dealership-Purchasers would have earned during the time that Operator Defendants continue to refuse to close, additional financing and legal expenses, and all additional costs and expenses incurred because of the delayed closing.

**WHEREFORE**, Plaintiff Dealership-Purchasers, ATLANTIC MD AG, LLC, CLARKSVILLE AMD H, LLC, CLARKSVILLE AMD N, LLC, CLARKSVILLE AMD T, LLC, OWING MILLS AMD N, LLC, PASADENA AMD V, LLC, PIKE AMD C, LLC, PIKE AMD H, LLC, and WOODLAWN AMD N, LLC demands that Judgment be entered against Defendants, ANTWERPEN-HK, INC., ANTWERPEN AUTO WORLD LLC, ANTWERPEN HYUNDAI, INC., ANT CAR WASH LLC, ANTWERPEN NISSAN, INC., ANTWERPEN VOLKSWAGEN, INC., ANTWERPEN MOTORCARS LTD., J.A. MOTORCARS, INC., JACOB M. ANTWERPEN, DAVID G. ANTWERPEN, and MICHAEL L. ANTWERPEN, for specific performance directing each Defendant, or an agent to be appointed by the Court to act on behalf of each Defendant, to close on the transactions and to execute such necessary and reasonable documents needed to effectuate the closings pursuant to the terms of the APA, including but not limited to the executing the non-compete agreements by the Principal Defendants, and awarding Plaintiff Dealership-Purchasers ancillary relief in the form of compensation for their continuing damages, attorney's fees and costs pursuant to the APA, and such other and further relief as this Court deems just and proper.

## COUNT II - SPECIFIC PERFORMANCE OF PSA

86.     Plaintiff Property-Purchasers hereby sue Property Defendants and Principal Defendants, for specific performance, adopt and reallege the allegations set forth in paragraphs 36, 39 through 46, 49 through 51, 54, 55, and 57 through 77 above, as if fully and expressly set forth herein.

#3290756v.1

87.     This is an action for specific performance of a contract for the sale of real properties located in Anne Arundel County, Baltimore County, and Howard County, Maryland.

88.     Plaintiff Property-Purchasers, Property Defendants and Principal Defendants are parties to the PSA.

89.     Plaintiff Property-Purchasers are ready, willing and able to close on the transaction and tender the purchase price due under the PSA to the Property Defendants upon Property Defendants and Principal Defendants fully complying with their contractual obligations and conveying good and clear title to the real properties as required by the PSA.

90.     Property Defendants and Principal Defendants have failed and refused to comply with the PSA and close on the transaction.

91.     Plaintiff Property-Purchasers have a clear legal right to specific performance pursuant to the PSA as alleged above.

92.     Plaintiff Property-Purchasers do not have an adequate remedy at law, and have a substantial likelihood of success on the merits.

93.     In addition to specific performance, Plaintiff RE and Plaintiffs Clarksville AMD RE, LLC, Pasadena AMD RE, LLC, Pike AMD RE, LLC, Randallstown AMD RE, LLC and Woodlawn AMD RE, LLC are also entitled to ancillary relief in the form of compensation for the damages it has suffered and continues to suffer as a result of the delay caused by Property Defendants' and Principal Defendants' refusal to close on the PSA in order to put Plaintiff RE and Plaintiffs Clarksville AMD RE, LLC, Pasadena AMD RE, LLC, Pike AMD RE, LLC, Randallstown AMD RE, LLC and Woodlawn AMD RE, LLC in the position they would have been in had the closing occurred on May 13, 2019 as agreed.  This additional ancillary relief

includes but is not limited to additional financing and legal expenses, and all additional costs and expenses incurred because of the delayed closing.

**WHEREFORE**, Plaintiff Property-Purchasers, ATLANTIC MD RE, LLC, CLARKSVILLE AMD RE, LLC, PASADENA AMD RE, LLC, PIKE AMD RE, LLC, RANDALLSTOWN AMD RE, LLC,  and WOODLAWN AMD RE, LLC demand that Judgment be entered against Defendants, A&I REALTY LLLP, 9400 LIBERTY LIMITED PARTNERSHIP, 8057 RITCHIE HIGHWAY, LLC, ANTOY LLC, TRICAZ III PROPERTIES, LLC, JACOB M. ANTWERPEN, DAVID G. ANTWERPEN, and MICHAEL L. ANTWERPEN, for specific performance directing each Defendant, or an agent to be appointed by the Court to act on behalf of each Defendant, to close on the transactions and to execute such necessary and reasonable documents needed to effectuate the closings pursuant to the terms of the PSA, and awarding Plaintiff Property-Purchasers ancillary relief in the form of compensation for their continuing damages, attorney's fees and costs pursuant to the PSA, and such other and further relief as this Court deems just and proper.

## COUNT III – ACTION FOR INJUNCTIVE
## RELIEF INCLUDING APPOINTMENT OF RECEIVER

94.    Plaintiffs hereby request the appointment of a receiver to oversee, administer and/or monitor Defendants' operations during the pendency of this litigation, adopts and realleges the allegations set forth in paragraphs 35 through 77 above, as if fully and expressly set forth herein, and further alleges as follows:

95.    This is an action under the Court's equitable and injunctive power for the appointment of a receiver to oversee, administer and/or monitor Defendants' operations during the pendency of this litigation in order to safeguard the car dealerships and related facilities, and the real properties described in the APA and PSA.

#3290756v.1

96.     As alleged above, Defendants have taken and continue to take actions that place the car dealerships and related facilities in imminent danger of being lost, concealed, injured, diminished in value, or squandered.

97.     In violation of the APA's obligation to operate the dealerships in substantially the same manner as they were previously operated pending the closing, Defendant wrongfully reduced their vehicle inventories by nearly half, and took steps to liquidate used car inventories by scheduling and advertising a fire sale.

98.     Defendants have also misrepresented to the automotive manufacturers and financial institutions that the parties have cancelled the APA and PSA.  Defendants' false representations to these entities jeopardizes the approvals already obtained by Plaintiffs for the purchase and sales, and constitutes a continuing further breach of the APA and PSA.

99.     Furthermore, Defendants have bound the dealerships (and, therefore, Plaintiffs) to multi-year leases, thereby constituting yet another continuing harm to Plaintiffs.

100.     Plaintiffs do not have an adequate remedy at law, and the probability of harm to Plaintiffs if a receiver is not appointed is far greater than the possibility of injury, if any, to Defendants should a receiver be appointed.

101.     Furthermore, Plaintiffs have substantial likelihood of success, as Defendants breached the APA and PSA.  Accordingly, the Court should appoint a receiver to oversee, administer and/or monitor Defendants' operations during the pendency of this litigation

**WHEREFORE**, Plaintiffs, ATLANTIC MD AG, LLC, ATLANTIC MD RE, LLC, CLARKSVILLE AMD H, LLC, CLARKSVILLE AMD N, LLC, CLARKSVILLE AMD T, LLC, OWING MILLS AMD N, LLC, PASADENA AMD V, LLC, PIKE AMD C, LLC, PIKE AMD H, LLC, WOODLAWN AMD N, LLC, CLARKSVILLE AMD RE, LLC, PASADENA

23

AMD RE, LLC, PIKE AMD RE, LLC, RANDALLSTOWN AMD RE, LLC,   and WOODLAWN AMD RE, LLC request that a receiver be appointed to oversee, administer and/or monitor the operations of Defendants, ANTWERPEN-HK, INC., ANTWERPEN AUTO WORLD LLC, ANTWERPEN HYUNDAI, INC., ANT CAR WASH LLC, ANTWERPEN NISSAN, INC., ANTWERPEN VOLKSWAGEN, INC., ANTWERPEN MOTORCARS LTD., J.A. MOTORCARS, INC., A&I REALTY LLLP, 9400 LIBERTY LIMITED PARTNERSHIP, 8057 RITCHIE HIGHWAY, LLC, ANTOY LLC, and TRICAZ III PROPERTIES, LLC, during the pendency of this litigation and that the Court award Plaintiffs attorney's fees and costs pursuant to the APA and PSA and such further relief as this Court deems just and proper.

Respectfully Submitted,

_____/s/_____
William W. Carrier, III (Bar No. 08453)
Jaime W. Luse (Bar No. 27394)
  Tydings & Rosenberg LLP
  One East Pratt Street, Suite 901
  Baltimore, Maryland 21202
  (410) 752-9700
  (410) 727-5460 (facsimile)
  wcarrier@tydingslaw.com
  jluse@tydingslaw.com

*Attorneys for Plaintiffs*

**KLUGER, KAPLAN, SILVERMAN, KATZEN & LEVINE, P.L.**
*Co-Counsel for Plaintiffs*
*(Pro Hac Vice Application Pending)*
Miami Center, Twenty Seventh Floor
201 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 379-9000
Facsimile:  (305) 379-3428

24

By: *s./ Alan J. Kluger*
**ALAN J. KLUGER**
Fla. Bar No. 200379
akluger@klugerkaplan.com
**PHILIPPE LIEBERMAN**
Fla. Bar No. 27146
plieberman@klugerkaplan.com
**RYAN BOLLMAN**
Florida Bar No. 93553
rbollman@klugerkaplan.com

#3290756v.1

26